UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS EUGENE DAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-cv-422-SRW |
| ) | |
| MISTY KINDLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, and motion for appointment of counsel, ECF No. 4. Having reviewed the motion and the financial information submitted in support, the Court has determined Plaintiff lacks sufficient funds and will waive the filing fee. Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e).

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is civilly confined in the Southeast Missouri Mental Health Center ("SMMHC"), which is a Missouri Department of Mental Health facility.[1] The named defendants

---

[1] Plaintiff checks the box indicating he is subject to the "three strikes rule," which bars a prisoner from bringing a civil action in federal court without paying the filing fee if that prisoner has on three or more prior occasions, while incarcerated or detained in any facility, brought an action in federal court that was dismissed as frivolous, malicious, or for failure to state a claim under § 1915(e). *See* ECF No. 1 at 9. Under this rule, prisoners are not allowed to file a § 1983 action unless they have demonstrated "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). However, because Plaintiff is a civilly committed detainee, the three strikes rule does not restrict his filing. *Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001) (finding mental patient not a "prisoner" under the Prison Litigation Reform Act).

2

are Nurse Practitioner Misty Kindle, Medical Director Stacy Neff, and Chief Medical Director Angeline Stanislaus.

Plaintiff alleges he is being forced to take medications against his will. ECF No. 1 at 3. Plaintiff claims that he has been on forced medications for one year, and just received a six-month extension. *Id.* at 4. Plaintiff states he does not meet the criteria for forced medication because he is non-violent, not a threat to himself or others, and has not been involved in a fight during his detainment. *Id.* Plaintiff went through the grievance process at SMMHC, which included an initial determination and an appeal. Plaintiff's grievance was denied at both stages and the grievance process is now complete. *Id.* at 5-7. Plaintiff states that Defendant Angeline Stanislaus, the Chief Medical Director of Adult Services in Jefferson City, denied Plaintiff's appeal. *Id.* at 7. He contends that there is no judge's signature on the order for forced medication. *Id.* at 4, 7. He further alleges that the actions of all three Defendants have violated his First, Eighth, and Fourteenth Amendment rights. *Id.* at 1, 7.

Plaintiff alleges several injuries from these medications, including a lack of health and strength, weak bladder, weak bowels, and numb feet. *Id.* at 4. Plaintiff requests injunctive, not monetary, relief. *Id.* at 5.

## Discussion

### A. First Amendment Retaliation Claim

A First Amendment retaliation claim must include allegations that plaintiff engaged in a protected activity and defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Plaintiff alleges Defendant Kindle began the forced medication arrangement in retaliation for Plaintiff filing a complaint and a 1983 lawsuit. ECF No. 1 at 4. Plaintiff offers no facts or evidence to support this claim. The complaint is devoid of any connection with Plaintiff's prior §1983 claim and the forced medication. Plaintiff's conclusory statement that retaliation occurred is insufficient to state a claim.

B. **Eighth and Fourteenth Amendment Cruel and Unusual Punishment Claim**

The Eighth Amendment to the Constitution prohibits the infliction of cruel and unusual punishment and applies to the states through the Due Process Clause of the Fourteenth Amendment. *Baze v. Rees*, 553 U.S. 35, 47 (2008). "However, because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). "The rights of patients in psychiatric hospitals more appropriately arise under the Fourteenth Amendment." *Id.* Because Plaintiff is a civil detainee in a mental health facility, his claim will be examined under the Fourteenth Amendment.

Allegations that forced medication are not in an individual's best interest may support a claim under 42 U.S.C. § 1983. *See Thomas v. Eschen*, 928 F.3d 709, 713 (8th Cir. 2019) (explaining that if state officials force a civilly committed individual to take drugs having no connection to his mental illness, or intentionally injure him while treating him, the individual may have a viable claim for damages under § 1983). However, more than "threadbare allegations" are required to support a claim. *Id*. at 714 (noting a plaintiff's claim that he had been "medicated" for the "wrong reasons" did not demonstrate "what, when, where, why, or how [the] drugs were administered").

The question as to whether a state may forcibly medicate a civilly committed individual has both substantive and procedural aspects. *See Washington v. Harper*, 494 U.S. 210, 220

4

(1990). "The substantive issue involves defining the protected constitutional interest, as well as identifying the conditions under which competing interests may outweigh it," while the "procedural issue concerns the minimum process required by the Constitution." *Morgan v. Rabun*, 128 F.3d 694, 696 (8th Cir. 1997). In other words, "the substantive issue is what factual circumstances must exist before the State may administer antipsychotic drugs to the prisoner against his will; the procedural issue is whether the State's nonjudicial mechanisms used to determine the facts in a particular case are sufficient." *Harper*, 494 U.S. at 220.

Regarding the substantive component, the Due Process Clause of the Fourteenth Amendment gives an individual "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Id.* at 221-22. As such, the state is permitted to treat a seriously mentally ill inmate with antipsychotic drugs against his will if the inmate is a danger to himself or others, and the treatment is in the inmate's medical interests. *Id.* at 227. *See also Morgan*, 128 F.3d at 697 (explaining that with regard to substantive due process, a committed individual's due process rights are not violated if he is a danger to himself or others).

An inmate may also be forcibly medicated "if he (1) suffers from a mental disorder and (2) is gravely disabled," which includes "severe deterioration in routine functioning evidenced by repeated and escalating loss of cognitive or volitional control over his or her actions and is not receiving such care as is essential for his or her health or safety." *Green v. Dormire*, 691 F.3d 917, 923 (8th Cir. 2012) (determining that Missouri policy providing for forced medication of a "gravely disabled" inmate comported with substantive due process).

To meet the procedural requirements of due process in the involuntary administration of antipsychotic drugs to a prisoner, there must be: (1) notice; (2) the right to be present at an adversarial hearing; (3) the right to present witnesses; and (4) the right to cross-examine witnesses. *See Harper*, 494 U.S. at 235. *See also Doby v. Hickerson*, 120 F.3d 111, 113 (8th Cir.

1997) (explaining that the "minimal constitutional requirements for satisfying procedural due process when a state involuntarily administers antipsychotics to a prisoner" consists of "an independent decisionmaker as well as for notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses"). A judicial hearing is not required, and the hearing may be adjudicated by non-treating medical personnel. *Harper*, 494 U.S. at 231.

Though *Harper* dealt with a prison inmate, the same factors have been applied to civilly committed individuals who have been forcibly medicated. *See Morgan*, 128 F.3d at 696-97 (applying *Harper* factors to an individual committed to the Missouri Department of Mental Health). That is, the "governmental interests in running a state mental hospital are similar in material aspects to that of running a prison," as the state has "a vital interest in ensuring the safety of their staff, other patients, and of course in ensuring the patients' own safety." *Id*. at 697.

In this case, Plaintiff has not alleged either a substantive or procedural violation of the Fourteenth Amendment. Regarding the substantive component, Plaintiff does not identify what medication he is being forced to take, when he is being forced to take medications, how the medication is administered, or where the medication is administered. Plaintiff presents no facts showing that he does not suffer from a mental illness or is gravely disabled.

Regarding the procedural component, Plaintiff acknowledges that he went through the grievance process at SMMHC and his claim and appeal were both denied. Plaintiff seems to acknowledge that he was given notice of the forced medication, stating the order for medications was originally for a year and had just been extended for another six months. Plaintiff does not allege that he was denied the right to be present at an adversarial hearing, the right to present witnesses, or the right to cross-examine witnesses in relation to his forced medication. Plaintiff's contention that there is no judge's signature on the order for forced medication is not relevant, as

6

*Harper* allows for an adjudication by non-treating medical personnel, which Plaintiff himself identified as Defendant Stanislaus.

Due to the threadbare allegations contained in the complaint, the Court finds Plaintiff has failed to state a claim of a due process violation arising out of his involuntary medication. Plaintiff's claim will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

A separate order of dismissal will be entered with this Memorandum and Order.

Dated this 27th day of May, 2025.

                                                STEPHEN N. LIMBAUGH, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE